■ SHELDON H. SOLOW et al., Plaintiffs, v BETHLEHEM STEEL CORPORATION et al., Defendants. ROSS & COHEN, Appellant; JULIEN & SCHLESINGER, Respondent. [612 NYS2d 402] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered May 26, 1993, which awarded respondent the sum of $9,524.16, upon an order, entered September 8, 1989, which,

*inter alia,* granted respondent's motion for legal fees incurred in vacating certain restraining orders, unanimously reversed, on the law, with costs, the judgment vacated, and the aforesaid order modified to delete the directive that appellant pay respondent reasonable counsel fees.

First, it is clear that, pursuant to CPLR 5501 (a) (1), this appeal from a final judgment brings up for review the order entered September 8, 1989 which awarded respondent "reasonable legal costs and expenses" on its motion to vacate restraining orders.

Upon review of that order we find that the award of attorney's fees was improper. An award of counsel fees is not specifically available to the judgment debtor as a sanction pursuant to CPLR 5222. Rather, the imposition of counsel fees in such a situation is governed by the rules generally prevailing in other types of litigation.

In the absence of specific authorization, attorney's fees may be awarded pursuant to part 130 of the Rules of the Chief Administrator (22 NYCRR 130-1.1 *et seq.),* which allows the court to impose sanctions, including attorney's fees, for conduct if it is found to be "frivolous," i.e., if

"(i) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or

"(ii) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c]).

An examination of the facts in this case reveals no basis to find that appellant's conduct in this matter was "frivolous" within the meaning of part 130 and the award of attorney's fees was, therefore, not warranted.

First, contrary to respondent's argument, it was not necessary that appellant wait until after the judgment had been served with notice of entry to issue restraining orders.

Moreover, the undisputed evidence demonstrates that appellant had made numerous telephone calls to respondent over the course of at least two weeks in an effort to obtain payment of the judgment in an amicable manner. These attempts were met initially with reassurance that the payment was forthcoming, which gradually turned into unlikely excuses for the increasing delay and the repeated failure to return appellant's telephone calls. It was only after appellant justifiably concluded that respondent's repeated excuses were thoroughly

disingenuous and merely a way to forestall the necessity of having the judgment debtor pay the debt, that it resorted to the issuance of restraining orders. In this situation, the IAS Court's finding that appellant had no reason to doubt the debtor's continued solvency was obviously irrelevant to the issue of whether restraining orders were justified. The fact that a judgment debtor is possessed of sufficient funds to pay a judgment is hardly proof that he will choose to do so without being forced. Indeed, to hold that restraining orders should not be issued solely because of the ability of the judgment debtor to pay would exempt from enforcement any wealthy judgment debtor who is reluctant to pay a judgment.

Furthermore, the procedure followed here, i.e., the issuance of computer-generated restraining orders to every bank in New York County in the hopes of hitting those with whom the judgment debtor held an account, is not in and of itself evidence that the action was taken in order to harass or maliciously injure the debtor. The record does not establish that appellant had actual knowledge of the debtor's banker or that it used this approach for any reason other than that it was the most practical way to expeditiously reach the debtor's assets. Nor was there any risk that the procedure would, as argued below by respondent, tie up bank accounts worth up to a million dollars for the sake of satisfying a relatively small judgment. Under CPLR 5222 (b), "If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money."

Nor do we find that an award of attorney's fees was warranted by appellant's refusal to issue an immediate Satisfaction of Judgment in exchange for uncertified checks. Indeed, the acceptance by an attorney of uncertified checks would, under the circumstances of this case, have been most surprising, particularly in light of respondent's failure to offer any explanation for its failure to have the checks certified. Concur —Ellerin, J. P., Ross, Nardelli and Williams, JJ.